# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. IP 97-118-CR-03 M/F |
| | ) | |
| ANTHONY TYRONE BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion to Reduce Sentence**

Defendant Anthony Tyrone Bailey filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582. The United States responded and no reply was filed.

## Background

Bailey was charged in a six count superseding indictment with one count of armed bank robbery in violation of 18 U.S.C. § 2112(a)(d) (Count 3), two counts of carjacking in violation of 18 U.S.C. § 2119 (Counts 1 and 5), and three counts of the use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Counts 2, 4, 6). On February 27, 1998, Bailey was convicted by jury of all counts charged in the superseding indictment. The facts supporting his conviction are set forth in *United States v. Jones*, 188 F.3d 773, 775 (7th Cir. 1999).

Bailey was sentenced on May 5, 1998, to 180 months for Counts 1 and 5 and 188 months on Count 3. The terms of imprisonment imposed on Counts 1, 3, and 5 are concurrent. Bailey was additionally sentenced to consecutive terms of imprisonment of 60 months on Count 2, 240 months on Count 4 and 240 months on Count 6.[1] Accordingly, the total term of imprisonment is

---

[1] 18 U.S.C. § 924(c)(1) (effective to October 10, 1996) provides in relevant part that

728 months. *See* Judgment, Dkt. No. 1-2. A five year term of supervised release and the mandatory special assessment of $600.00 were also ordered.

## Discussion

Now before the Court is Bailey's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides a district court with discretion to reduce an imposed term of imprisonment when a defendant was sentenced based on a guideline sentencing range that was later lowered by the Sentencing Commission with a policy statement giving retroactive effect to the reduction. *United States v. Purnell*, 701 F.3d 1186, 1189-1190 (7th Cir. 2012).

Bailey seeks retroactive effect of Amendment 599. That 2000 amendment, which is retroactive, *see* U.S.S.G. § 1B1.10(c), amended the commentary of U.S.S.G. § 2K2.4. The amendment principally **clarified** that defendants convicted under § 924(c) in addition to a statute punishing the underlying crime of violence or drug trafficking crime should not be given upward adjustments for possessing or using guns or explosives when calculating the offense level for the underlying offense. U.S.S.G., App. C, Amend. 599 (2000). *See also United States v. Alicea,* 2011 WL 1196335, *1 (7th Cir. 2011) (denying relief finding defendant sentenced as an armed career criminal and that § 2K2.1(b)(6) had no effect on the guidelines imprisonment range).

---

> Whoever, during and in relation to any crime of violence or drug trafficking crime . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years. . . . In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years. . . . Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.

Bailey seeks relief on the basis that "there may have been improper double counting" in the calculation of his guideline sentence. *See* Motion at 1½. But he is mistaken; there was no double counting in Bailey's sentence. The United States correctly explains that the underlying offenses for purposes of the three counts of the use of a firearm during a crime of violence § 924(c) were one count of armed bank robbery and two counts of carjacking. The total offense level of 31 for these underlying offenses did not include any weapon enhancements. Bailey's arguments to the contrary are directly contradicted by the record. *See* Exhibit A (2 page excerpt of Presentence Investigation Report, attached to this Entry). Based on a total offense level of 31 and a criminal history category of IV, the guideline range for imprisonment was 151 to 188 months and consecutive terms of imprisonment of 60 months, 240 months, and 240 months, were required for Counts 2, 4, and 6, respectively. Application of Amendment 599 does not result in a lower guideline sentencing range.

Bailey's argument that Counts 1, 3 and 5 should have been grouped pursuant to § 3D1.2 is not appropriate in this motion pursuant to § 3582 because it is not based on any retroactive amendment to the sentencing guidelines. In any event, Bailey is mistaken as these Counts did not involve substantially the same harm nor did these Counts involve the same victim. No relief is warranted on this basis.

For the reasons explained above, U.S.S.G. § 2K2.4 was correctly applied in the first instance and the clarification of Amendment 599 would not have affected Bailey's sentence. *United States v. Diaz*, 248 F.3d 1065, 1106-07 (11th Cir. 2001) ("The first sentence of the new application note reinforces what courts have always known-when a defendant is convicted of a § 924(c) violation and an underlying offense, the defendant's possession of a weapon cannot be used to enhance the level of the underlying offense.").

Under these circumstances, Bailey is not entitled to any relief pursuant to § 3582. His motion to reduce sentence [dkt. 5] is therefore **denied.**

**IT IS SO ORDERED.**

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Date: 01/15/2014
_____

Distribution:

Anthony T. Bailey
Reg. No. 05697-028
P.O. Box 33
Terre Haute, IN 47808

All electronically registered counsel